Thomas A. Myers (State Bar No. 176008)
Jonathan M. Eisenberg (State Bar No. 184162)
David M. Gruen (State Bar No. 260209)
AIDS HEALTHCARE FOUNDATION
6255 West Sunset Boulevard, 21st Floor
Los Angeles, CA 90028-7422
Telephone: (323) 860-5200
Facsimile: (323) 467-8450
Email: david.gruen@ahf.org

*Attorneys for Defendant*
AIDS HEALTHCARE FOUNDATION

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CULLER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AIDS HEALTHCARE FOUNDATION, a California non-profit public-benefit corporation, and DOES 1-50, inclusive,<br><br>Defendant. | CASE NO. 2:25-cv-2409<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY) AND 28 U.S.C. § 1441(a) (FEDERAL QUESTION)**<br><br>Complaint Filed: March 18, 2025<br><br>[Removed from Superior Court of Los Angeles County, California] |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, *et. seq.,* Defendant AIDS Healthcare Foundation ("AHF" or "Defendant") hereby removes the action entitled *Jason Culler v. AIDS Healthcare Foundation, et al.*, Los Angeles Superior Court Case Number 25STCV07736, to this Court.

### I.    NATURE OF THE ACTION

1.    On March 18, 2025, plaintiff Jason Culler filed a state court action against AIDS Healthcare Foundation in the Superior Court of Los Angeles County, California, Case No. 25STCV07736. (*See generally* Los Angeles County Complaint ("Complaint"))   Plaintiff asserts the following causes of action in the Complaint: (1) Sexual Orientation Discrimination in Violation of FEHA; (2) Race Discrimination in

Violation of FEHA; (3) Age Discrimination in Violation of FEHA; (4) Disability Discrimination in Violation of FEHA; (5) FMLA Interference and Retaliation (29 U.S.C. §§ 2601, *et seq.*); (6) Failure to Engage in Interactive Process; (7) Failure to Provide Reasonable Accommodations; (8) Hostile Work Environment in Violation of FEHA; (9) Wrongful Termination in Violation of Public Policy; (10) Retaliation in Violation of FEHA; (11) Failure to Prevent Discrimination, Harassment, and Retaliation; (12) Intentional Infliction of Emotional Distress; and (13) Unfair Business Practices.

2.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached to this notice as **Exhibit A**.

3.      AHF is informed and believes it has not been served with a copy of the Complaint.

4.      A review of the Register of Actions of the Superior Court for the County of Los Angeles indicates that no proofs of service of the summons and complaint on any party have been filed.  Pursuant to *Encompass Insurance Co. v. Stone Mansion Restaurant, Inc.*, 902 F.3d 147 (3d Cir. 2018), removal based on diversity of citizenship is proper. *See also Loewen v. McDonnell*, Case No. 19-cv- 00467-YGR, 2019 WL 2364413 (N.D. Cal. June 5, 2019); *Zirkin v. Shandy Media, Inc.*, Case No. 2:18-cv-09207-ODW (SSx), 2019 WL 626138 (C.D. Cal. Feb. 14, 2019).

5.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is filed one day after it was filed in the Superior Court of Los Angeles, and AHF has not yet been served with the Complaint.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day time period for removal runs from the date of formal service).

6.      Venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because Los Angeles County is located within the Central District of California.  The District Court for the Central District of California is the "district and division embracing the place where such an action is pending," for the purposes of 28 U.S.C. §

1441(a).

7.    Promptly following the filing of this Notice of Removal, written notice of the removal shall be served on Plaintiffs' counsel, as required by 28 U.S.C. § 1441(a).

8.    A true and correct copy of this Notice of Removal shall be promptly filed with the Los Angeles Superior Court pursuant to 28 U.S.C. § 1441(d).

9.    No previous application has been made for the relief requested herein.

10.    As set forth below, this action is properly removable under the Court's diversity jurisdiction, because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11.    As set forth below, this action is also properly removable under the Court's federal question jurisdiction, because it involves claims and/or issues that arise under, are intertwined with, and derive in whole or in part from federal law.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)

### A. There Is Complete Diversity of Citizenship Between the Parties

12.    AHF is informed and believes that Plaintiff Jason Culler is now, and at the time of the filing of the Complaint was, a citizen and resident of the State of Texas. (Complaint, ¶ 1.)

13.    AHF is now, and was at the time of the filing of the Complaint, a non-profit corporation organized under the laws of the State of California with its principal place of business in the State of California. (Complaint, ¶ 2).

14.    Thus, for diversity purposes, AHF is a citizen of California, and is completely diverse from Plaintiff. *See* 28 U.S.C. § 1332; *see also Whitehurst v. Bank Native Am. Home Lending, LLC,* 2:14-CV-00318-TLN-AC, 2014 WL 3563430, *2 (E.D. Cal. July 18, 2014).

15.    Although AHF is a citizen of California, its citizenship does not make removal improper under either 28 U.S.C. §§ 1332(a)(1) or 1441(b)(2) because it has not been properly joined and served. *See Allen v. Eli Lilly & Co.*, No.10CV141 L

CAB, 2010 WL 3489366, at *2 (S.D. Cal. Sept. 2, 2010) (denying motion to remand where diversity existed and forum defendant had not been served at time of removal); *see also Choi v. Gen. Motors LLC*, No. CV 21-5925, 2021 WL 4133735, at *5 (denying motion to remand and rejecting plaintiffs' attempt to rely on the no-local-defendant rule); *Zirkin v. Shandy Media, Inc.*, No. 218CV09207ODWSSX, 2019 WL 626138, at *2 (C.D. Cal. Feb. 14, 2019) (citing *Monfort v. Adomani*, No. 18-CV-05211-LHK, 2019 WL 131842, at *3 (N.D. Cal. Jan. 8, 2019)) ("the Forum Defendant Rule does not bar an in-state defendant from removing an action before the defendant is served").

**B. The Amount in Controversy Requirement Is Satisfied**

16.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014).  "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

17.    Under 28 U.S.C. § 1446(c)(2)(A)(ii), a defendant may assert the amount in controversy in its notice of removal if removing from a jurisdiction where "[s]tate practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." Removal of a lawsuit is proper upon the defendant's assertion of the amount in controversy if the district court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2)(B); *see also Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014). If the amount in controversy is not facially apparent from the Complaint, the Court may consider facts in the removal petition and require parties to submit summary judgment-type evidence relevant to the amount in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

18.    Although AHF denies any liability to Plaintiff, his allegations of

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY) AND 28 U.S.C. § 1441(a) (FEDERAL QUESTION)

injury and damages plainly place more than $75,000 in controversy. Therefore, analyzing the Complaint in a light most favorable to plaintiffs, while not admitting liability for any amount, the amount of damages alleged to be in controversy for plaintiffs clearly exceeds $75,000, exclusive of interest and costs.

19.    Here, Plaintiff seeks damages, exclusive of interest and costs, in excess of the jurisdictional minimum ($35,000) of the Superior Court.  Plaintiff also alleges that as a result of the alleged "discriminatory and retaliatory conduct" of Defendant, he "has suffered and continues to suffer substantial losses in earnings, job benefits, and employment opportunities, including but not limited to lost wages, lost bonuses, and lost medical benefits.  He also claims that his termination from AHF, which he alleges was wrongful, caused him to "postpone necessary medical treatment…exacerbating his existing medical conditions."  Plaintiff also alleges damages arising from "severe emotional distress, including anxiety, depression, humiliation, and mental anguish." Complaint, ¶¶ 22 – 25). Plaintiff prays for "general damages," "special damages," and "compensatory damages according to proof, including past and future lost earnings, employment benefits, and other economic losses, including but not limited to lost wages, lost medical benefits, and damages arising from uncompensated dual role work." (Complaint, Prayer for Relief, ¶¶ 1 - 13).  In addition, Plaintiff seeks punitive and exemplary damages, "in an amount appropriate to punish Defendants and deter others from engaging in similar discriminatory, retaliatory, and unlawful conduct." *Id.* Finally, Plaintiff asks for liquidated damages pursuant to the FMLA, prejudgment interest pursuant to California Civil Code section 3287, for restitution under California Business and Professions Code, for post-judgment interest, for costs, and for attorneys' fees. *Id.*

20.    Where, as here, a complaint alleges emotional distress, lost earnings, and compensatory and punitive damages, and asks for an award of attorneys' fees, courts readily have found that the amount in controversy requirement is satisfied. *See, e.g., Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (finding

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY) AND 28 U.S.C. § 1441(a) (FEDERAL QUESTION)

that satisfaction of jurisdictional minimum is facially apparent from plaintiff's state court Complaint for employment discrimination action because, "[w]hile attorneys' fees alone would not necessarily exceed $75,000, when viewed in combination with alleged compensatory, punitive, and emotional distress damages, the jurisdictional minimum is clearly satisfied").  In *James v. Childtime Childcare, Inc.,* the court held that the defendant had satisfied the amount in controversy requirement because "[b]eyond roughly $12,700 in lost wages already accrued at the time of removal, the amount in controversy in this action includes additional back pay accrued following removal, emotional distress damages, punitive damages, and attorney's fees." No. Civ. S-06-2676, 2007 WL 1589543 at *2 (E.D. Cal. June 1, 2007). Attorneys' fees are also properly included in the amount in controversy requirement. *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 700 (9th Cir. 2007) (attorneys' fees are properly included in the amount in controversy).

21.   Thus, it is apparent from the face of the Complaint that the alleged injuries result in an amount in controversy exceeding $75,000.

**III.   REMOVAL IS ALSO PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. § 1331**

22.   This Court also has original jurisdiction over this action under 28 U.S.C. § 1331 because it involves claims and/or issues arising in whole or in part under the Constitution, laws, or treaties of the United States.

23.   Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint" and not merely by way of an anticipated defense. *Rivet v. Regions Bank of La.,* 522 U.S. 470, 475 (1998) (internal quotation marks omitted).

24.   Plaintiff's Complaint involves a federal question because it involves claims and/or issues that arise under, are intertwined with, derive in whole or in part from, and/or require application and/or interpretation of the federal Family and

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY) AND 28 U.S.C. § 1441(a) (FEDERAL QUESTION)

Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.* and/or the regulations promulgated thereunder.

25.    More specifically, Plaintiff's Fifth Cause of Action purports to assert a claim pursuant to, and seeks to recover damages for, an alleged violation of the FMLA based on allegations that Defendant interfered with Plaintiff's rights under the FMLA and/or subjected Plaintiff to adverse employment actions for exercising his rights under the FMLA. *See* Complaint at ¶¶ 64-73 ("Fifth Cause of Action: FMLA Interference and Retaliation" citing to 29 U.S.C. §§ 2601 *et seq.).* Therefore, Plaintiff's Fifth Cause of Action asserts a direct claim under the FMLA, over which this Court has original federal question jurisdiction.

26.    Pursuant to 28 U.S.C. § 1441(a), any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of the parties.

27.    Therefore, removal is also proper under 28 U.S.C. § 1441(a) as this Court has original jurisdiction over the FMLA claim asserted by Plaintiff.

28.    Further, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the remaining state law claims asserted by Plaintiff.

WHEREFORE, AHF hereby removes the action now pending in the Superior Court of the State of California, Los Angeles, Case No. 25STCV07736 to this Honorable Court and hereby demands trial by jury.

Dated: March 19, 2025

/s/ David M. Gruen

Thomas A. Myers
Jonathan M. Eisenberg
David M. Gruen
Attorneys for AIDS Healthcare Foundation

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY) AND 28 U.S.C. § 1441(a) (FEDERAL QUESTION)